HELLER, DRAPER, HAYDEN, PATRICK & HORN, LLC
Proposed Attorneys for the Debtors
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 299-3300

Douglas S. Draper, LA Bar No. 5073
ddraper@hellerdraper.com
Deborah W. Fallis, LA Bar No. 02177
dfallis@hellerdraper.com
Leslie A. Collins, LA Bar No. 14891
lcollins@hellerdraper.com
Kendra M. Goodman, LA Bar No. 32790
kgoodman@hellerdraper.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| CONGRESS SAND & GRAVEL, LLC, *et al*[1]. § | Case No. 10-37522 |
| § | |
| DEBTORS. § | Chapter 11 |
| § | (Joint Administration Requested) |

**APPLICATION BY DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION
OF DOUGLAS S. DRAPER AND THE LAW FIRM OF HELLER, DRAPER,
HAYDEN, PATRICK & HORN, LLC AS COUNSEL FOR THE DEBTORS
PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**NOW INTO COURT**, through undersigned counsel, comes Congress Sand & Gravel, LLC ("Congress Sand") and Congress Materials, LLC ("Congress Materials"), the above debtors and debtors-in-possession (the "Debtors"), who hereby submit this Application (the "Application") for entry of an order authorizing the Debtors' retention of Douglas S. Draper and the law firm of Heller, Draper, Hayden, Patrick & Horn, LLC ("Heller Draper"), as Debtors' counsel pursuant to section 327(a) of chapter 11 of title 11 of the United States Code (as

---

[1] The Debtors include Congress Sand & Gravel, LLC and Congress Materials, LLC (Case No. 10-37526).

{00306362-3}                                                                                                          1

amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2014(a) and 2016(b) and BLR 2014-1. In support of this Application, the Debtors rely upon the affidavit and declaration of Douglas S. Draper (the "Draper Affidavit"), which is attached hereto as Exhibit "A" and incorporated by reference herein, and respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief sought herein are sections 327(a), 328 and 1107(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002, and BLR 2014-1.

## Background

3. A detailed discussion of the factual background and circumstances surrounding the Debtors commencement of these chapter 11 cases can be found in Debtors' *Emergency Motion for Joint Administration of Cases* ("Joint Administration Motion"), and is incorporated herein by reference. Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed thereto in the Joint Administration Motion.

## Relief Requested

4. By this Application, the Debtors seek authority from this Court to employ and retain Heller Draper as their bankruptcy counsel with regard to the filing and prosecution of their chapter 11 cases and all related matters, *nunc pro tunc* as of the Petition Date. Specifically, the Debtors respectfully request entry of an order pursuant to sections 327(a), 328 and 1107 of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016, and BLR 2014-1 authorizing Heller Draper to perform the services that will be necessary during these chapter 11 cases.

## Basis for Relief

5. The Debtors have selected Heller Draper to act as bankruptcy counsel in these cases because of Heller Draper's extensive experience, knowledge and expertise in the area of bankruptcy law and business reorganizations under chapter 11 of the Bankruptcy Code.

6. The Debtors seek to retain Heller Draper subject to the oversight of this Court, with respect to bankruptcy matters and matters related thereto. Such retention is sought pursuant to section 327(a) of the Bankruptcy Code.

7. Under section 327(a) of the Bankruptcy Code, a debtor-in-possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons,[2] to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code modifies sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code, providing that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. §1107(b).

---

[2] Section 101(14) of the Bankruptcy Code defines the phrase "disinterested person" as:
    a person that—
    **(A)** is not a creditor, an equity security holder, or an insider;
    **(B)** is not and was not an investment banker for any outstanding security of the debtor;
    **(C)** has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor;
    **(D)** is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor or of an investment banker specified in subparagraph (B) or (C) of this paragraph; and
    **(E)** does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph (B) or (C) of this paragraph, or for any other reason;
11 U.S.C. §101(14).

8. As required by Bankruptcy Rule 2014(a),[3] this Application and the Draper Affidavit set forth: (a) the specific facts showing the necessity for Heller Draper's employment; (b) the reasons for the Debtors' selection of Heller Draper as their counsel in connection with their chapter 11 cases; (c) the professional services to be provided by Heller Draper; (d) the arrangement between the Debtors and Heller Draper with respect to Heller Draper's compensation (as well as the reasonableness thereof); and (e) to the best of the Debtors' knowledge, the extent of Heller Draper's connections, if any, to certain parties in interest in these matters.

## Services to be Provided

9. The Debtors anticipate that Heller Draper will render general legal services to the Debtors as needed throughout the course of the chapter 11 cases, including bankruptcy, corporate, employee benefits, environmental, finance, intellectual property, labor and employment, litigation, mergers and acquisitions, real estate, and tax advice.

10. Specifically, the Debtors anticipate that the professional services that Heller Draper will render to the Debtors include, but shall not be limited to, the following:

  a. advising the Debtors with respect to their rights, powers and duties as debtors and debtors-in-possession in the continued operation and management of their businesses and properties;

  b. preparing and pursuing confirmation of a plan of reorganization and approval of a disclosure statement;

---

[3] Bankruptcy Rule 2014(a) provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

c. preparing on behalf of the Debtors all necessary applications, motions, answers, proposed orders, other pleadings, notices, schedules and other documents, and reviewing all financial and other reports to be filed;

d. advising the Debtors concerning and preparing responses to applications, motions, pleadings, notices and other documents which may be filed by other parties herein;

e. appearing in Court to protect the interests of the Debtors before this Court;

f. representing the Debtors in connection with use of cash collateral and/or obtaining postpetition financing;

g. advising the Debtors concerning and assisting in the negotiation and documentation of financing agreements, cash collateral orders and related transactions;

h. investigating the nature and validity of liens asserted against the property of the Debtors, and advising the Debtors concerning the enforceability of said liens;

i. investigating and advising the Debtors concerning, and taking such action as may be necessary to collect, income and assets in accordance with applicable law, and the recovery of property for the benefit of the Debtors' estates;

j. advising and assisting the Debtors in connection with any potential property dispositions;

k. advising the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections and lease restructuring, and recharacterizations;

l. assisting the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' estates;

m. commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' chapter 11 estates or otherwise further the goal of completing the Debtors' successful reorganization; and

n. to perform all other legal services for the Debtors which may be necessary and proper in these cases.

11. Subject to the Court's approval of the Application, Heller Draper is willing to serve as the Debtors' bankruptcy counsel and to perform the services described above.

## Qualifications of Professionals

12. In preparing for these cases, Heller Draper has become familiar with the Debtors' businesses and affairs and many of the potential legal issues which may arise in the context of these chapter 11 cases. Accordingly, the Debtors have selected Heller Draper as their bankruptcy counsel because Heller Draper is both well qualified and uniquely able to represent the Debtors as counsel in their chapter 11 cases in a most efficient and timely manner.

13. The Debtors have selected Heller Draper as their bankruptcy counsel because of Heller Draper's diverse experience and extensive knowledge in the field of bankruptcy and restructuring.

### **Disinterestedness of Professionals**

14. To the best of the Debtors' knowledge and based upon the Draper Affidavit, Heller Draper is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

15. To the best of the Debtors' and Heller Draper's knowledge and based upon the Draper Affidavit, Heller Draper does not hold or represent an interest adverse to the Debtors or their estates, in accordance with section 327 of the Bankruptcy Code.

16. To the best of the Debtors' and Heller Draper's knowledge, information and belief and based upon the Draper Affidavit, (a) Heller Draper has no connection with the Debtors (other than that set forth herein or in the Affidavit of Douglas Draper), creditors of the Debtors, the United States Trustee for the Northern District of Texas (the "U.S. Trustee"), any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases (other than that set forth herein or in the Affidavit of Douglas Draper) or their respective attorneys or accountants; (b) Heller Draper is not a creditor, equity security holder or insider of the Debtors; (c) none of Heller Draper's partners or associates is, or was within two years of the Petition Date, a director, officer or employee of either of the Debtors; and (d) Heller Draper neither holds nor represents an interest adverse to the Debtors, their estates, or

any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

17. The Debtors submit that its employment of Heller Draper would be in the best interest of the Debtors and their estates.

### Terms of Retention

18. Subject to the Court's approval of this Application, Heller Draper intends to (a) charge for its legal services on an hourly basis in accordance with ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary expenses and other charges that Heller Draper incurs.

19. Heller Draper's hourly rates are set at a level designed to fairly compensate Heller Draper for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. Heller Draper's hourly fees are comparable to those charged by attorneys of similar experience and expertise for engagements of scope and complexity similar to these chapter 11 cases, and are accordingly reasonable.

20. Heller Draper's hourly billing rates for bankruptcy work range from $280.00 to $425.00 for attorneys and $100.00 for paralegals. The following professionals are presently expected to have primary responsibility for providing services to the Debtors with current applicable rates as follows:

| | |
|---|---|
| Douglas S. Draper and Other Senior Partners | $350.00 - 425.00 |
| Associates | $300.00 |
| Paralegals | $100.00 |

21. Heller Draper will also seek reimbursement for actual and necessary expenses incurred in connection with its engagement by the Debtors in these chapter 11 cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, overtime

{00306362-3}                                                                                                     7

expenses, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging.

22. Heller Draper intends to maintain detailed, contemporaneous time records and to apply to the Court for the allowance of compensation for professional services and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any additional procedures that may be established by the Court in these chapter 11 cases. Heller Draper has agreed to accept as compensation such sums as may be allowed by the Court. Heller Draper understands that interim and final fee awards are subject to approval by this Court.

**Disclosures by Heller Draper**

23. Heller Draper has represented Congress Materials, Congress Sand, Congress Recycled Aggregates, LLC ("Congress Recycled") and Green Aggregates, Inc. ("Green") as more fully described in the Draper Affidavit.

24. Heller Draper was retained by Congress Materials and Green for the purpose of filing an adversary proceeding in the bankruptcy case of Green Aggregates, Inc., Case No. 07-53439, ("Green Bankruptcy") in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

25. Heller Draper has received the following payments incident to the adversary proceeding referenced above:

    1. Check #7078 in the amount of $5,000.00 dated June 30, 2010 – deposited into retainer account;

    2. Check #7215 in the amount of $10,000.00 dated July 27, 2010 – deposited into operating account, applied to June bill and work through date of check;

    3. wire deposit in the amount of $11,000.00 into retainer trust – date of wire July 22, 2010 – applied on 7/26/2010 for June and July bills;

  4.  wire deposit on July 23, 2010 for $5,000.00 – deposited into retainer trust and moved to operating account on July 27, 2010 – applied to June and July bills;

  5.  check #1532 in the amount of $5,000.00 – deposited into operating account on August 17, 2010 – applied to July and August bills; and

  6.  check #7386 in the amount of $2,500.00 dated August 25, 2010 – applied to July and August bills.

  26.  In connection with the above referenced adversary proceeding, a balance of approximately $24,000.00 remains unpaid. The unpaid work relates to work performed after August 25, 2010 incident to the adversary proceeding.

  27.  Heller Draper was also retained by Congress Recycled (see Corporate Chart Exhibit 1) solely for the purpose of transferring a claim of a creditor to Congress Recycled in the bankruptcy case of Union Materials, LP, Case No. 10-31798, ("Union Bankruptcy") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Congress Recycled is owned by Chiron Equities, who is an owner of the Debtor. Any unpaid fees incident to the retention (Congress Recycled matter subsequent to the adversary proceeding described above) have been waived. No payments were received incident to this retention by any of the Debtors.

  28.  Draper was retained by the Debtors to prepare the entities for relief under Chapter 11.

  29.  On October 21, 2010, prior to the filing of the Chapter 11, Heller Draper received $55,000 of which $30,000 was held as a retainer and $25,000 was applied immediately prior to filing for services rendered for preparing the filing of these cases. This retainer amount of $30,000.00 was placed in a trust account. Immediately prior to filing, $1,000.00 was sent to local counsel, James Gordon, as a retainer. Up to and including the Petition Date, Heller Draper provided prepetition services and incurred prepetition expenses in connection with the Debtors'

Chapter 11 Cases. In addition, $2,078 was received on October 22, 2010 from the Debtors which funds were used to pay the initial filing costs for these cases. Heller Draper may be owed some fees for preparing the case for filing that were not included in the Heller Draper billing time system.

30. As described above, prior to the filing of the petitions, Heller Draper incurred fees for its prepetition services rendered and expenses incurred on behalf of the Debtors. In addition, Heller Draper previously represented Congress Materials, Congress Sand, Congress Recycled, and Green Aggregates as more fully described in the Draper Affidavit. "The performance of standard prepetition services, i.e., preliminary work routinely undertaken to facilitate an upcoming chapter 11 filing, under existing case law does not serve to disqualify an otherwise eligible attorney." *In re Martin*, 817 F.2d 175, 180 n. 5 (1st Cir. 1987). The source of the prepetition payments was the advances by the Presidential under a line of credit for the Debtors and the Debtors' operating funds.

31. As of the Petition Date, Heller Draper believes that the Debtors do not owe Heller Draper any amounts for legal services rendered before the Petition Date except for time expended immediately prior to the petition date that was not included on the Heller Draper billing system. Such time should not exceed $10,000.00.

## Notice

32. Notice of this pleading has been provided by e-mail, facsimile, or overnight delivery to: (a) the Debtors; (b) counsel for the Debtors; (c) any official committees appointed in the case and their respective counsel; (d) the Office of United States Trustee; (e) any secured creditors and their respective counsel; (f) the top 20 largest unsecured creditors of each of the Debtors until any official committee for unsecured creditors is formed; (g) the Internal Revenue Service; (h) Texas Workforce Commission; (i) United States Attorney; (j) Attorney General of the United States; (k) Texas Attorney General's Office; (l) Dallas County Tax Assessor-

Collector; (m) State Comptroller of Public Accounts; and (n) all parties who request notices pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

33. No previous application for the relief requested herein as been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that this Court approve the retention and employment of Douglas S. Draper and the law firm of Heller, Draper, Hayden, Patrick & Horn, LLC as counsel for the Debtors, as of the Petition Date as provided in BLR 2014-1 and for such other and further relief as may be just and equitable.

October 28, 2010

**Congress Sand & Gravel, LLC**

*/s/ Jay Krasoff*
**By: Jay Krasoff**

**Congress Materials, LLC**

*/s/ Jay Krasoff*
**By: Jay Krasoff**