Martin J. Lehman
State Bar No. 12172900
Andrew F. Emerson
State Bar No. 06599200
Palmer & Manuel, L.L.P.
8350 N. Central Expressway
Suite 1111
Dallas, Texas 75203
(214) 242-6444
(214) 265-1950 FAX
ATTORNEYS FOR CONTINENTAL BANK

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CONGRESS SAND & GRAVEL, LLC | § § | CASE NO. 10-37522-sgj11 |
| | § | Chapter 11 |
| DEBTOR, | § | |

And

| | | |
|---|---|---|
| CONGRESS MATERIALS, LLC, | § § | CASE NO. 10-37526-sgj11 |
| DEBTOR | § | CHAPTER 11 |

**CONTINENTAL BANK'S OBJECTION TO CONFIRMATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Continental Bank, and files this Objection to Confirmation, and respectfully shows the Court as follows:

1. Continental Bank is the owner and holder of four loans, summarized as follows:

   - Three loans to Chiron Equities, LLC, <u>Congress Materials, LLC</u> ("Congress Materials"), Green Aggregates, Inc., Kyle Tauch and Jay H. Krasoff (the "Five Makers") and

   - One loan to the Five Makers and <u>Congress Sand & Gravel, LLC</u> ("Congress Sand").

Continental Bank's Objection to Confirmation
In Re: Congress Sand & Gravel, LLC et al; Case No. 10-37522-sgj11
In Re: Congress Materials, LLC et al; Case No. 10-37526-sgj11
Page 1 of 6

I:\10502\Bnk - LEAD CASE - 37522 - Sand\Plan Obj. & Confirm matters\Continental Bank Obj. 06.24.11.doc

(The Five Makers and Congress Sand collectively the "Co-Makers"). All four loans are secured by personal property (vehicles and equipment) of Congress Sand and Congress Materials (the "Collateral").

2. At the petition date, all four loans had been accelerated and were, therefore, already matured. The aggregate owed on all four loans as of the petition dated was $629,809.14.

3. Prior to Congress Sand and Congress Materials filing their petitions for relief, Continental Bank filed a lawsuit (the "Lawsuit") in the State District Court in Utah, against all of the Co-Makers, seeking to recover the debt. Congress Sand, Congress Materials and Green Aggregates, Inc. were subsequently dismissed from the Lawsuit. The Lawsuit remains pending as to the other Co-Makers (the "Non-Debtor Co-Makers").

4. Continental Bank timely filed proofs of claim herein.

5. On February 10, 2011, an Agreed Order on Continental Bank's Motion for Relief from Automatic Stay (the "Stay Order") was entered herein. Among other things, the Stay Order requires the Debtors to make payments (the "Adequate Protection Payments") of $10,557.00 to Continental Bank on or before the 15th day of each month until the earlier of (i) the stay being lifted or (ii) a plan being confirmed. The Debtors are in default under the Stay Order due to their failure to make the Adequate Protection Payment due June 15, 2011.

6. Continental Bank's secured claims are treated in Class 3 in the Plan. The amount of Continental Bank's secured claims is proposed to be paid as follows: amortized over 6 years, with 6.5% interest, with payments to begin 60 days after the Effective Date of the Plan.

Any unsecured portion of Continental Bank's claims filed herein will presumably be treated as other general unsecured claims, under Class 16.

Continental Bank's Objection to Confirmation
In Re: Congress Sand & Gravel, LLC et al; Case No. 10-37522-sgj11
In Re: Congress Materials, LLC et al; Case No. 10-37526-sgj11
Page 2 of 6

I:\10502\Bnk - LEAD CASE - 37522 - Sand\Plan Obj. & Confirm matters\Continental Bank Obj. 06.24.11.doc

7. Continental Bank objects to confirmation of the Plan for the following reasons:

   (a) The plan provides the payments to Continental Bank will not begin until sixty (60) days after the Effective Date, which could be several months after the entry of a Confirmation Order. During this time, the Debtors will, nevertheless, be continuing to use the Collateral. The Debtors should be required to either (i) continue making the monthly Adequate Protection Payments until payment begins under the Plan, or (ii) the Plan should be modified to require payments to begin no later than July 15, 2011.

   (b) The Plan does not require the Debtors to maintain insurance on the Collateral, or pay the personal property taxes on the Collateral, both of which are required to protect Continental Bank's secured claim.

   (c) Paragraph 6.1 of the Plan provides the Debtors shall make distributions required under the Plan on the Distribution Date or "as soon as practicable thereafter." The Debtor should be required to make payments on or before each Distribution Date.

   (d) Paragraph 6.3 of the Plan provides that distributions are to be made at the address of such holder as indicated on the Debtors' records. If a creditor (such as Continental Bank) has filed a proof of claim, payment should be made to the address stated in the proof of claim, or at such other address of which the Debtors are later given written notice.

   (e) Paragraph 9.5 of the Plan improperly attempts to extend injunctions and/or stays that are otherwise governed by statutory provisions, which is

Continental Bank's Objection to Confirmation
In Re: Congress Sand & Gravel, LLC et al; Case No. 10-37522-sgj11
In Re: Congress Materials, LLC et al; Case No. 10-37526-sgj11
Page 3 of 6

I:\10502\Bnk - LEAD CASE - 37522 - Sand\Plan Obj. & Confirm matters\Continental Bank Obj. 06.24.11.doc

improper.

(f) Paragraph 11.6 of the Plan (i) provides relief beyond what is authorized or provided in Bankruptcy Code § 524, and (ii) is overly broad. The Plan should be modified to provide that, in the event of a default by the Debtors under the Plan, a creditor such as Continental Bank may take appropriate action to enforce its rights, including but not limited to repossessing and foreclosing on collateral and/or suing in an appropriate court (State or Federal, as applicable) to enforce its rights.

(g) Paragraph 11.16 of the plan also provides as follows:

> In order to effectuate the Plan, no action may be taken by a holder of a Claim against a non-Debtor co-borrower, co-maker, co-obligor, or guarantor of such Claim if the co-borrower, co-maker, co-obligor, or guarantor is also a manager, member, or officer of the Debtors or Reorganized Debtors, up to and through thirty (30) days after the fifth anniversary of the Effective Date of the Plan, provided however, that the Bankruptcy Court shall retain jurisdiction upon reopening of these Chapter 11 Cases to modify or terminate the stay in the event of a material default by the Reorganized Debtors in the performance of obligations under the Plan…

Such provision is not appropriate. In the Lawsuit in Utah, Continental Bank is seeking to recover the debt from the Non-Debtor Co-Makers. The Plan would stay the Lawsuit for over five (5) years. Under the Plan, Continental Bank will not be paid the full amount it is entitled to collect under its loan documents because, among other things, (i) if some amount of Continental Bank's claims herein is determined to be unsecured, that amount is not being paid in full under the Plan, and (ii) other amounts that Continental Bank is entitled to recover from the Non-Debtor Co-Makers

Continental Bank's Objection to Confirmation
In Re: Congress Sand & Gravel, LLC et al; Case No. 10-37522-sgj11
In Re: Congress Materials, LLC et al; Case No. 10-37526-sgj11
Page 4 of 6

I:\10502\Bnk - LEAD CASE - 37522 - Sand\Plan Obj. & Confirm matters\Continental Bank Obj. 06.24.11.doc

under the loan documents and/or applicable law, such as attorney's fees incurred by Continental Bank in the Lawsuit and in this bankruptcy, and the differential between the Plan interest rate and the contracted loan interest rate, will not be paid to Continental Bank under the Plan. The above provision is not authorized by the Bankruptcy Code, nor justified under the circumstances of this case. Even if such a provision was authorized and/or justified, in the event of a default under the Plan with respect to Continental Bank's claims, Continental Bank should be automatically allowed to enforce its rights using applicable non-bankruptcy law procedures, without first having to re-open this bankruptcy case or otherwise seek permission or relief from this Court to do so.

WHEREFORE, PREMISES CONSIDERED, Continental Bank requests that its objections be sustained, that the Plan not be confirmed without first being modified to satisfy the objections, and that Continental Bank be granted such other and further relief at law, or in equity, to which it may be justly entitled.

> Respectfully Submitted,
> PALMER & MANUEL, L.L.P.
> 8350 N. Central Expressway, Suite 1111
> Dallas, Texas 75206
> (214) 242-6444/ (214) 265-1950 FAX
>
> By:    /s/ Martin J. Lehman
>       Martin J. Lehman
>       State Bar No. 12172900
>       Andrew F. Emerson
>       State Bar No. 06599200
>       Attorneys for Continental Bank

Continental Bank's Objection to Confirmation
In Re: Congress Sand & Gravel, LLC et al; Case No. 10-37522-sgj11
In Re: Congress Materials, LLC et al; Case No. 10-37526-sgj11
Page 5 of 6

I:\10502\Bnk - LEAD CASE - 37522 - Sand\Plan Obj. & Confirm matters\Continental Bank Obj. 06.24.11.doc

**CERTIFICATE OF SERVICE**

This is to certify that on the 24th day of June, 2011, a true and correct copy of the foregoing was on the following:

Debtors (via regular U.S. mail):
Congress Sand & Gravel, LLC/Congress Materials, LLC
1401 Cates Street; Suite 201
Bridgeport, Texas 76426

Congress Sand & Gravel, LLC
14099 NE County Road 3180
Kerens, Texas 75144

Congress Materials, LLC
22 Waugh Drive, Suite 320
Houston, Texas 77077

Attorney for Debtors (via electronic):
Douglas Draper
Heller, Draper, Hayden, Patrick & Horn, LLC
650 Poydras St., Ste. 2500
New Orleans, Louisiana 70130

U.S. Trustee (via regular U.S. mail):
Office of the U.S. Trustee
1100 Commerce, Room 9C60
Dallas, Texas 75242

And all other parties receiving service by electronic notification.

                                         /s/ Martin J. Lehman
                                            Martin J. Lehman

Continental Bank's Objection to Confirmation
In Re: Congress Sand & Gravel, LLC et al; Case No. 10-37522-sgj11
In Re: Congress Materials, LLC et al; Case No. 10-37526-sgj11
Page 6 of 6

I:\10502\Bnk - LEAD CASE - 37522 - Sand\Plan Obj. & Confirm matters\Continental Bank Obj. 06.24.11.doc