HELLER, DRAPER, HAYDEN, PATRICK & HORN, LLC
Attorneys for the Debtors
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
(504) 299-3300

Douglas S. Draper, LA Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, LA Bar No. 14891
lcollins@hellerdraper.com
Kendra M. Goodman, LA Bar No. 32790
kgoodman@hellerdraper.com

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CONGRESS SAND & GRAVEL, LLC, *et al*[1]. | § | Case No. 10-37522(SGJ) |
| | § | |
| DEBTORS. | § | **Chapter 11** |
| | § | **(Jointly Administered)** |

## EX PARTE MOTION TO FILE IMMATERIAL MODIFICATIONS TO PLAN

Now into Court, through undersigned counsel, come Congress Sand & Gravel, LLC and Congress Materials, LLC, as debtors and debtors-in-possession (the "Debtors"), who file this *Motion to File Immaterial Modifications to Plan* (the "Motion") to immaterially modify the Debtors' *Chapter 11 Plan of Reorganization for Congress Materials LLC and Congress Sand & Gravel LLC as of May 11, 2011* [P-275] (the "Plan") filed by the Debtors on May 11, 2011.

### Jurisdiction and Venue

---

[1] The Debtors include Congress Sand & Gravel, LLC and Congress Materials, LLC (Case No. 10-37526).

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief sought herein are Sections 105 and 1127(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.*, as amended (the "Bankruptcy Code") and Rule 3019 of the Federal Rules of Bankruptcy Procedure.

### Requested Relief

4. By this Motion, the Debtors seek entry of an order approving the Immaterial Plan Modifications (as defined herein). In addition, certain typographical and clerical errors may be corrected. **The Immaterial Plan Modifications do not impact the unsecured creditors in these cases.**

5. A redline version of the Plan containing Immaterial Plan Modifications (such proposed modifications and any typographical or clerical errors to be corrected, the "Immaterial Plan Modifications") compared to the present version of the Plan, is attached hereto as **Exhibit "A"**. The substantive (non-typographical) Immaterial Plan Modifications include:

   a. Definitions:

      i. Article 1.4 **"Allowed Priority Tax Claim"** has been clarified to provide that the term means all or that portion of a Priority Tax Claim to which no objection has been filed as the Effective Date or if an objection has been filed such Priority Tax Claim has been allowed pursuant to a Final Order of the Court.

      ii. Article 1.5 **"Allowed Secured Claim"** has been clarified to provide that the term means all or that portion of a Secured Claim which has been allowed pursuant either due to the fact that no objection has been filed by the Effective Date or if an

objection has been filed such Allowed Secured Claim has been allowed by Final Order of the Bankruptcy Court and which claim shall include any amounts allowed under 11 U.S.C. § 506.

iii. Article 1.16 **"Chrysler"** has been clarified to provide that the term means TD Auto Finance LLC f/k/a Chrysler Financial Services Americas LLC.

iv. Article 1.37 **"Effective Date"** has been clarified by to provide that the term provide that the "Effective Date" shall be the day selected by the Debtors that is after the Confirmation Date, but in no event shall be more than ten (10) days after all conditions to the effectiveness of this Plan have been satisfied or waived or more than sixty (60) days after the Order confirming the Plan becoming a Final Order.

b. Claim Treatment:

i. Article 3.3; Class 3: Continental Bank has been amended to reflect that payments will commence thirty as opposed to sixty days after the Effective Date, and to clarify that all provisions of the loan documents executed between the Debtor and Continental Bank shall remain in full force and effect with respect to insuring the property that serves as security for the Continental Bank loan and making post Effective Date personal property tax payments with respect to the Continental Bank collateral.

ii. Article 3.04; Class 4: Bank of the Ozarks has been amended to reflect that payments will commence thirty as opposed to sixty days after the Effective Date, and to clarify that the terms and conditions of the Bank of the Ozarks loan documents shall remain in full force and effect except with respect to the payment terms provided in the Plan, any financial covenant ratios, any default that existed prior to the Effective Date as a result of either the Bankruptcy of the Debtor or a default by a third party who is either a guarantor or co-maker on any loan made to the Debtor, or for which the Debtor is a guarantor.

iii. Article 3.05; Class 5: Chiron Equipment Claim has been clarified concerning Article 11.17(b) of the Plan.

iv. Article 3.06; Class 6: Deere Congress: the Allowed Secured Claim amount of Deere Congress has been corrected to show the proper amount of $140,500 as opposed to $140,000, and to clarify that Section 11.17(b) does not apply to Class 6. The Plan also now incorporates the default language from the Disclosure Statement, and makes clear that the Agreed Order resolving the Motion for Valuation [P-265] is incorporated into

the Plan. The amount of the Deficiency Claim of Patriot Bank is also stated to be $263,795.00.

    v. Article 3.12; Class 12: Ford Motor Credit: The Debtors have agreed to surrender all of the vehicles which serve as collateral for the Ford Motor Credit Claim to Ford, and provide Ford with the relevant information to recover those vehicles. The Debtors additionally authorize the insurer on a particular Ford vehicle to release information to Ford concerning the insurance claim on that vehicle. The Debtors will pay past due adequate protection payments pursuant to agreed order [P-290] on the Effective Date.

    vi. Article 3.13; Class 13: Chrysler has been clarified to reflect that Chrysler will retain its lien until its Claim is paid, reflects the Claim amount for Chrysler and the payment address to be used for Chrysler, and default provision.

    vii. Article 3.19; Class 19: SureTec Insurance Co. has been amended to reflect that the first payment shall be made thirty (30), not sixty (60) days after the Effective Date.

    viii. Article 3.20; Class 20: GE Capital Corporation has been amended to remove the word "simple" from the description of the interest rate, and the principal balance has been clarified to be equal to $367,368.40. This section has also been clarified that Section 11.17(b) does not apply to Class 20 or its Deficiency Claim or the Claims of Colonial Pacific Leasing Corporation, against non-debtor entities. This section was additionally clarified to make clear that the agreed order referenced remain in full force and effect and are adopted as part of the Plan.

c. General Provisions:

    i. Article 6.1 Distributions under the Plan: Stylistic change removing the phrase "as soon as practicable" and replacing the phrase with "on the distribution date or the first Business Day thereafter."

    ii. Article 6.3 Delivery of Distributions: Creditors must now notify the Debtors of their preferred address or the Debtors' records control.

    iii. Article 7.3 Status of Existing Liens of Priority Tax Claims, Property Tax Claims, Property Lenders' Secured Claims, Equipment and Property Lenders' Secured Claims, and Equipment Lenders' Secured Claims: Stylistic changes were made concerning "after acquired" property concept to provide comfort to the entity providing the Exit Facility.

    iv. Article 10.1.6: Added the funding of the Exit Facility as a condition to the Effective Date.

d.  Unclassified Claims/ Miscellaneous Provisions:

   i. Article 11.5.3: Allowed for separate negotiated treatment for Allowed Priority Tax Claims, and created treatment for Navarro and Wise County and Wise CAD, as well as for the IRS, Texas Comptroller, and Texas Workforce Commission.
   ii. Article 11.6 IRS Payment and Default Provisions: Provides for default provisions for the IRS and Texas Comptroller.
   iii. Article 11.17 Injunctions: The third party injunction has been carved back to the managing member, and the term has been limited to three years after the Effective Date as opposed to the previous five.
   iv. Article 11.18 Adequate Protection Orders: To clarify that the adequate protection orders remain in full force and effect until the Effective Date.

6. The changes proposed herein are immaterial modifications. These changes are proposed by the Debtors in anticipation of the Plan confirmation hearing scheduled for June 29, 2011. The Debtors believe it is in the best interests of the holders of claims against the Debtors to make such modifications. The Immaterial Plan Modifications do not negatively affect the treatment of any holder of any claim or interest.

### Basis for Relief

7. Section 1127(a) of the Bankruptcy Code provides in pertinent part:

> The proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of Section 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan. 11 U.S.C. § 1127(a).

8. The proposed Immaterial Plan Modifications do not alter the classification of claims or interests of the Plan, and as such, do not implicate the classification rules of Section 1122 of the Bankruptcy Code.

9. The proposed Immaterial Plan Modifications comply with all the provisions in Section 1123 of the Bankruptcy Code.

10. Rule 3019 of the Federal Rules of Bankruptcy Procedure provides in pertinent part:

> In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after a hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not *adversely* change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan.

Fed. R. Bankr. 3019 (emphasis added).

11. The proposed Immaterial Plan Modifications do not adversely alter in any respect the treatment accorded to claims or equity interests. As such, the Debtors submit that the proposed Immaterial Plan Modifications are non-material, and that no additional solicitation is required as a result of the requested modifications. *See In re Cellular Info. Sys., Inc.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994) (nonmaterial modifications to plan do not require resolicitation); *In re American Solar King Corp.*, 90 B.R. 808 (Bankr. W.D. Tex. 1988) (if modification did not materially impact claimant's treatment, the change was not adverse to claimant and court can deem prior acceptance applied to amended plan); *In re Dow Corning Corp.*, (E.D. Mich. 1999) 237 B.R. 374 (if modification does not adversely change treatment of the claim of creditors, no further solicitation is required).

**WHEREFORE**, the Debtors respectfully request that this Court find that the proposed Immaterial Plan Modifications are non-material and authorize the Immaterial Plan Modifications to the Plan without requiring the Debtors to resolicit votes respecting the Plan as modified by the Immaterial Modifications, and for all other relief that is just and equitable.

Dated: June 28, 2011               Respectfully submitted,

/s/Douglas S. Draper
Douglas S. Draper, La. Bar No. 5073
Leslie A. Collins, La. Bar No. 14891
Kendra M. Goodman, La. Bar No. 32790
Heller, Draper, Hayden, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Telephone: 504.299.3300/Fax: 504.299.3399
ddraper@hellerdraper.com
lcollins@hellerdraper.com
kgoodman@hellerdraper.com

Counsel for Congress Sand & Gravel, LLC and Congress Materials, LLC