

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed September 02, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| CONGRESS SAND & GRAVEL, LLC, *et al*[1]. § | Case No. 10-37522(SGJ) |
| § | |
| DEBTORS. § | Chapter 11 |
| § | (Jointly Administered) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
CONFIRMATION OF THE CHAPTER 11 PLAN OF REORGANIZATION FOR
CONGRESS MATERIALS LLC AND CONGRESS SAND AND GRAVEL LLC
AS OF JUNE 28, 2011 AS IMMATERIALLY MODIFIED**

The *Chapter 11 Plan of Reorganization for Congress Materials LLC and Congress Sand and Gravel LLC as of May 11, 2011* [P-275] (the "May 11 Plan"), filed by Congress Sand & Gravel, LLC and Congress Materials, LLC (the "Debtors") as immaterially modified by the *Chapter 11 Plan of Reorganization for Congress Materials LLC and Congress Sand and Gravel LLC as of June 28, 2011* [P-343] (the "June 28 Plan", together with the May 11 Plan, the "Plan")

---

[1] The Debtors include Congress Sand & Gravel, LLC and Congress Materials, LLC (Case No. 10-37526).

{00317705-2}                                                                                                          1

and described in the *Ex Parte Motion to File Immaterial Modifications to the Plan* [P-355] (the "Motion to Modify") came on for hearing June 29, 2011 at 9:30 a.m. (the "Confirmation Hearing"). Considering the Plan and the immaterial modifications to the Plan discussed at the Confirmation Hearing, the law and evidence, the filed objections being either withdrawn, resolved, or overruled, and the statements of counsel, the Court announced during the Confirmation Hearing that it would confirm the Plan, and in connection therewith, makes the following findings of fact and conclusions of law:

1) As evidenced by the Certificate of Service [P-293], all appropriate pleadings, notices, and ballots were transmitted and served as required by the Order Approving the Joint Disclosure Statement as of May 11, 2011 [P-291] and Bankruptcy Rule 3017(d).

2) Adequate notice of the Confirmation Hearing was given to all parties entitled to receive such notice in accordance with Bankruptcy Rules 2002, 3018, 3019, 6006, 9007, and 9014, N.D. Tex. L.B.R. 2002-1 and 9014-1, and the Bankruptcy Code, and no other or further notice of the Confirmation Hearing is necessary or required.

3) Based on the record, the Debtors and their respective directors, officers, employees, managers, members, attorneys, affiliates, agents, and professionals have acted in "good faith" within the meaning of Bankruptcy Code § 1125(e) and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the orders entered in these cases. Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, all orders entered in theses cases, and the Bankruptcy Code and all other applicable rules, laws, and regulations.

4) The Plan complies with Section 1129 of the Bankruptcy Code, and the Debtors have proven the requirements of confirmation by a preponderance of the evidence:

    a. The Plan complies with the applicable provisions of the Bankruptcy Code under Section 1129(a)(1), and the Debtors as proponents of the Plan have complied with the applicable provisions of the Bankruptcy Code pursuant to Section 1129(a)(2):

        i. The Plan complies with the classification requirements under Section 1122, and

        ii. In compliance with Section 1123(a)(1) of the Bankruptcy Code, the Plan designates classes of claims and interests (other than claims of a kind specified in Bankruptcy Code §§ 507(a)(1), 507(a)(2) or 507(a)(7)). The Plan further complies with the requirement of Section 1123(a)(2) of the Bankruptcy Code that a plan "specify any class of claims or interests that is not impaired under the Plan" by specifying that classes 1, 8, and 13 are unimpaired under the Plan and are conclusively presumed to accept the Plan. Similarly, the Plan complies with Section 1123(a)(3) of the Bankruptcy Code, which requires that a plan "specify the treatment of any class of claims or interests that is impaired under the plan," by specifying that classes 1, 8, and 13 are unimpaired under the Plan, while all other classes, excluding those intentionally left blank, are impaired by the Plan. The Plan complies with Section 1123(a)(4) which requires that a plan provide the same treatment for each claim or interest within a particular class unless any claim or interest holder agrees to receive less favorable treatment than other class members. Under the Plan, the treatment of each claim or interest in each Debtor, in each respective class, is the same as the treatment of each other claim or interest in such class;

b. The Plan has been proposed in good faith and not by any means forbidden by law;

c. All payments made or to be made by the Debtors, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the cases, or in connection with the Plan and incident to the cases, has been approved by, or is subject to approval of, the Court as reasonable under Section 1129(a)(4);

d. The Debtors have complied with Section 1129(a)(5) in that the appointment of Jay Krasoff or an entity controlled by him is consistent with the best interests of creditors, equity security holders, and with public policy;

e. The Plan does not provide for any such rate changes contemplated by Section 1129(a)(6), therefore, this requirement is met;

f. Section 1129(a)(7) of the Bankruptcy Code is commonly known as the "best interests" test, and requires the Court to find that each creditor or equity security holder that has not accepted or deemed to have accepted the Plan will receive or retain value under the Plan that is not less than the amount such holder would receive if the Debtors were liquidated. Based upon the testimony of the Debtors at the Confirmation Hearing and the pleadings, and documents filed in support of the Debtors' Plan, each holder of a claim or interest will receive a value at least equal to the value that such party would receive if the Debtors were liquidated. This liquidation analysis applies only to non-accepting impaired claims or equity interests;

g. Pursuant to Section 1129(a)(8), classes 1, 8, and 13 are unimpaired under the Plan and are deemed to accept the Plan. Class 23 shall receive no distributions under the Plan and is therefore presumed to have rejected the Plan. Classes 2,

{00317705-2}  4

        5, 6, 9, 14, 15, 16, and 22 submitted ballots accepting the Plan. Classes 4, 12, 19, and 20 filed ballots rejecting the Plan. All objections to confirmation of the Plan were resolved at or prior to the Confirmation Hearing. Classes 7, 10, 17, 18, and 21 were intentionally left blank in the Plan;

  h. The treatment of claims specified in Section 1129(a)(9) of the Bankruptcy Code are in compliance with that section of the Bankruptcy Code;

  i. At least one class of impaired claims has accepted the Plan pursuant to Section 1129(a)(10);

  j. The Plan satisfies the requirements of Section 1129(a)(11), in that it is not likely to be followed by liquidation, or the need for further financial reorganization of the Debtors or any successor to the Debtors under the Plan, unless proposed by the Plan;

  k. All fees due under Section 1930 of title 28 have been paid or the Plan provides for payment of such fees in accordance with Section 1129(a)(12);

  l. The Plan provides that the Reorganized Debtors shall continue to pay all retiree benefits of the Debtors (within meaning of Section 1114 of the Bankruptcy Code), if any, at the level established in accordance with Section 1114 of the Bankruptcy Code, at any time prior to the Confirmation Date, for the duration of the period for which such Debtors had obligated themselves to provide such benefits in compliance with Section 1129(a)(13);

  m. Sections 1129(a)(14)-(16) are not applicable to the Debtors.

5) The modifications to the Plan as outlined in the Motion to Modify, discussed during the Confirmation Hearing, and reflected in the June 28 Plan, are immaterial modifications to the Plan, and do not adversely affect any creditor or interest holder who has voted to accept the Plan.

# # # END OF DOCUMENT # # #